IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Reginald Shawn Hutchinson, ) | C/A No. 0:19-cv-00305-DCC |
| Plaintiff, ) | |
| v. ) | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social ) Security, ) | |
| Defendant. ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 18, 22. Having considered the parties' briefing and all relevant law, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

**BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying his claim for Supplemental Security Income ("SSI"). Plaintiff applied for SSI on June 19, 2015, alleging disability beginning January 1, 2012, due to back and neck pain, depression, and a heart problem. (R. 305). Plaintiff's application was denied initially and on reconsideration. (R. 146, 158). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 8, 2018. The ALJ denied Plaintiff's application in a decision issued May 14,

1

2018.  (R. 15–26).  The Appeals Council denied Plaintiff's request for review on January 10, 2019, making the ALJ's denial the final decision of the Commissioner.  (R. 1–3).

Plaintiff filed suit in this Court on February 1, 2019.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On December 16, 2019, Magistrate Judge Paige J. Gossett issued her Report recommending that the decision of the Commissioner be affirmed.  ECF No. 18.  On January 1, 2020, Plaintiff filed Objections to the Report.  ECF No. 22.  The Commissioner filed a Response on January 10, 2020.  ECF No. 23.  Plaintiff's Objections and the Magistrate Judge's Report are now before this Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the

2

Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Plaintiff sought review of the ALJ's decision on the basis that his residual functional capacity ("RFC") determination was not supported by substantial evidence. ECF No. 13. The Magistrate Judge recommended that the Court affirm the Commissioner's decision because the ALJ's RFC assessment was supported by substantial evidence and reached by a proper application of the law.

Plaintiff now objects that the ALJ's assessment of his credibility, based on both his daily activities and the objective evidence, was improper. In evaluating a claimant's symptoms, the Commissioner considers "all available evidence from . . . medical sources and nonmedical sources" about how those symptoms affect the claimant. 20 C.F.R. § 416.929(c)(1). The applicable Ruling directs the ALJ to first "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce [the] individual's symptoms," and then to "evaluate

3

the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at *3.  The ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."  *Id.* at *10.

### A. Consistency of Alleged Symptoms with Activities of Daily Living

Plaintiff argues, first, that the ALJ's decision "overstates Mr. Hutchinson's actual daily activities and his abilities" and is therefore unsupported by substantial evidence. The inconsistency of Plaintiff's alleged symptoms with his activities of daily living was one of the justifications given by the ALJ for his determination that Plaintiff was capable of "light work."  The ALJ explained:

> Following a thorough review of the evidence of record, I find that the claimant's reports to his treating and examining physicians, as well as findings upon objective examination, are generally inconsistent with the claimant's testimony of such significant complaints of pain and dysfunction. Specifically, the claimant reported that he was able to live independently, attend church, receive visitors on occasion, visit with others outside of the home daily, drive a motor vehicle, prepare simple meals, do laundry, clean his house, shop for groceries and personal needs, take care of personal hygiene, run errands, spend time with friends and family, sit outside, watch television, pay bills, count change, handle a savings account, and use a checkbook/money orders, activities which generally reveal functioning at a greater level than alleged.  (Exhibits 12E and 6F).  Of note, his descriptions of his daily activities are representative of a fairly active and varied lifestyle and are not indicative of a significant restriction of activities or constriction of interests.  Overall, these activities, when viewed in conjunction with the other inconsistencies regarding the claimant's allegations of pain and dysfunction, further limit the claimant's persuasiveness in discussing his symptoms.

4

(R. 23). In his Objections, Plaintiff asserts that the listed activities are not representative of Plaintiff's actual abilities. He cites as evidence three Adult Function Reports from 2014, 2015, and 2016, respectively. ECF No. 22 at 2–3 (citing (R. 288–95, 311–17, 320–27)). These reports establish, in summary, that Plaintiff's meals took only five to ten minutes to prepare, that he spent only a few minutes at a time to shop or do household chores,[1] and that he visited with friends and went to church only once or twice per month. *Id.*

The Commissioner may not, in evaluating a claimant's self-reported symptoms, ignore the "limited extent" of a claimant's daily activities in determining whether they are consistent. *Brown v. Comm'r SSA*, 873 F.3d 251, 269–70 (4th Cir. 2017). However, the record in this case contains conflicting evidence about Plaintiff's daily activities. The Mental Status Exam conducted on September 23, 2015, by Francis J. Fishburne, Ph.D., cited by the ALJ in his discussion of Plaintiff's activities, states in contrast to the Adult Function Reports that Plaintiff "goes out to visit others daily" and "goes out in public daily." (R. 395, 396). Plaintiff reported to Dr. Fishburne that on a "typical day," he would "fix meals, visit his brother and other friends, watch television and may run an errand." (R. 396). He also reported that he "does the housecleaning." *Id.* It therefore appears that the ALJ, rather than ignoring[2] or misconstruing evidence that supported Plaintiff's

---

[1] The Adult Function Reports present slightly differing information with respect to Plaintiff's ability to perform household chores. In the Adult Function Report from 2015, Plaintiff stated that he was unable to do any house or yard work. (R. 313). He indicated some improvement by 2016, when he reported doing laundry and cleaning once a week. (R. 322).

[2] In fact, the ALJ specifically referenced Plaintiff's most recent Adult Function Report, dated February 21, 2016, in his discussion of Plaintiff's daily activities. (R. 23). The reference and accompanying discussion clearly indicate that the ALJ did not ignore this evidence. Moreover, the information contained in the Adult Function Reports is not generally inconsistent with the ALJ's summary. For instance, the ALJ's finding that

allegations, properly weighed all of the conflicting evidence and made a credibility determination. The Court may not disturb such a determination if supported by substantial evidence, which "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and quotation marks omitted). Although reasonable minds might differ in their evaluation of Plaintiff's testimony in conjunction with his daily activities, this Court cannot say that the ALJ's determination was unsupported by substantial evidence.

### B. Consistency of Alleged Symptoms with Objective Medical Evidence

Plaintiff next argues that the ALJ erred in finding that his self-reported symptoms were inconsistent with the objective medical evidence. Specifically, Plaintiff asserts, "the narrative that treatment improved his functioning so that he was capable of light work—standing and walking for 6 of 8 hours—is simply not supported by the facts." ECF No. 22 at 4. Plaintiff points to various pieces of evidence suggesting that Plaintiff continued to have symptoms of pain, numbness, difficulty walking, tenderness, and difficulty standing after his spinal surgery. *Id.* To be sure, there exists some evidence of record suggesting that treatment did not materially improve Plaintiff's functioning. But the record is also replete with evidence that treatment *did* improve his functioning. In reviewing the evidence of Plaintiff's spinal symptoms, the ALJ explained:

> The claimant has undergone surgery and has taken prescribed medications for the alleged impairments but the medical records reveal that the surgeries and medications have been relatively effective in controlling the claimant's symptoms. In regards to the claimant's cervical disc disease, treatment notes showed that the claimant's cervical range of motion was only mildly

---

Plaintiff could "prepare simple meals" is well in line with Plaintiff's report that he prepared simple microwavable meals taking five to ten minutes.

6

>decreased prior to his most recent fusion surgery. (Exhibit 15F). Postoperative treatment notes from March 2017 showed that the claimant's symptoms continued to improve since his surgery and he displayed 5/5 motor strength throughout his extremities. (Exhibit 14F). Such evidence does not indicate debilitating neck pain and severe left-sided weakness. In regards to the claimant's lumbar disc disease, treatment notes showed that the claimant was able to ambulate with a normal gait without an assistive device. Additionally, he performed a normal range of motion in his lumbar spine at most examinations of record and he displayed 5/5 motor strength in his extremities. (Exhibits 1F and 3F–15F). The claimant was never recommended for lumbar surgery, a TENS unit, an ambulation-assisting device, or even a back brace. Such evidence indicates only mild to moderate back pain that would be accommodated by the limitations in the residual functional capacity above.

(R. 23–24). This review, along with the ALJ's extensive summary of Plaintiff's medical records, establishes substantial evidence for the ALJ's finding that Plaintiff's subjective claims were somewhat inconsistent with the objective medical evidence, including the evidence of improvement following treatment.

More generally, Plaintiff accuses the ALJ of assigning "disparate weight to the few entries in this record which might support a finding of non-disability." ECF No. 22 at 5. He contends that "[m]uch of the evidence recited by the ALJ does not support his conclusion that the plaintiff was capable of light work." *Id.* These errors allegedly cast doubt on the ALJ's finding that the objective evidence did not support the severity of Plaintiff's self-reported symptoms. Indisputably, the ALJ is not permitted to "cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). Here, however, for essentially the reasons described above, the Court does not find evidence of such selective fact-finding. The ALJ considered a wide range of medical and other record evidence in conjunction with

7

Plaintiff's subjective claims and reasonably resolved the attendant discrepancies in reaching his RFC determination.  Notably, Plaintiff presented no medical opinion evidence to support a finding of greater limitation than encompassed by the RFC.  In fact, to the contrary, the ALJ assigned only "some weight" to the October 2015 opinion of Adebola Rojugbokan, M.D., that Plaintiff was capable of "standing, lifting, handling, sitting, and managing his own funds" because the ALJ found that Plaintiff "has limitations on his standing, lifting, handling, and sitting abilities due to his cervical and lumbar disc disease." (R. 24).   Taken as a whole, the ALJ's review reveals no evidence of improper "cherrypicking" to support a finding of nondisability.

This Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted).  The ALJ properly undertook to resolve the conflicting evidence of record, and his findings were unquestionably supported by "more than a scintilla" of evidence.  *Thomas*, 331 F.2d at 543.  The Court therefore is not empowered to second-guess them, and Plaintiff's objections are overruled.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 1, 2020
Spartanburg, South Carolina

8